## Murray E. Singer
### Attorney at Law

14 Vanderventer Avenue                                    tel: (516) 869-4207
Suite 147                                                 fax: (516) 706-7085
Port Washington, New York 11050                           mobile: (516) 662-4950
email: msingerlaw@gmail.com

**BY ECF AND EMAIL**

January 9, 2024

Hon. Joan M. Azrack
United States District Judge
Eastern District of New York
100 Federal Plaza
Central Islip, NY 11722

      Re:    <u>United States v. Christopher Jean-Pierre</u>
              22-CR-87

Your Honor:

      I represent Christopher Jean-Pierre in the above-referenced matter. Mr. Jean-Pierre is scheduled to be sentenced before this Court on January 30, 2024 at 3:00 p.m. I am writing to request that a non-jail and/or a below guidelines sentence be imposed on this young man for this offense. I am also submitting letters from Mr. Jean-Pierre's sister, Stephanie Jean-Pierre, his pastor, Rev. Wayne Edwards, a community school director, Ethan Hodge, a former teacher, Tisha Joseph, and friends Milagros Alicea, Jahlina Allen, Shaharah Devilme, and Arianna Edwards, in support of our request and to provide a fuller understanding of Mr. Jean-Pierre's background and current circumstances.

      Christopher Jean-Pierre is currently 23 years old. He was 19 and 20 years old at the time of the offenses described in the presentence report. He will be sentenced following his guilty plea to Conspiracy to Commit Mail and Wire Fraud under 18 U.S.C. §§ 1341, 1343 and 1349. We agree that the Department of Probation correctly used the guideline factors identified in the presentence report to calculate the total offense level, and with the determination that Mr. Jean-Pierre's criminal history category is I, but believe two additional two level reductions should be included in the calculation of Mr. Jean-Pierre's total offense level. This, we believe, will correctly result in a total offense level of 18 and a guideline imprisonment range of 27 to 33 months. First, in the plea agreement, the government agreed to a two level reduction for a global resolution. Although this reduction was conditioned on all defendants pleading guilty by a particular date (Mr. Jean-Pierre pled guilty before the stipulated date), and there were a few defendants whose guilty pleas were not entered until shortly after the stipulated date, we believe that the government agreed to give those defendants who were last to plead guilty the same two point reduction for a global resolution. Under these circumstances, it would be unfair to deny to Mr. Jean-Pierre the global resolution reduction agreed to for the late-pleading other defendants in this case. In addition, Mr. Jean-Pierre is eligible to receive a two point reduction under a recent amendment to U.S.S.G. § 4C1.1, as he has no

criminal history points and satisfies the ten criteria in the amendment.

The presentence report and the letters provided in support of Christopher paint a consistent picture of a young man who, despite personal challenges at home, achieved a high degree of academic and athletic success. Those two avenues of success were abruptly cut off at the beginning of the pandemic in March 2020. As noted in the presentence report, Christopher was the youngest of nine children, seven from his father and mother, and two from an open and long-term extramarital relationship maintained by his father with another woman. He grew up in a cramped home in a low-income, high crime area, where Christopher never felt that he had his own space and where he never felt important to or valued by his parents. Despite this, Christopher managed to successfully complete high school by the age of 17, without any run-ins with the law. Christoper was fortunate to have found role models outside of his home, mainly at school and through his coaches. He enrolled for one year in a prep school in Oklahoma to play basketball and, he hoped, to increase his prospects for receiving a college basketball scholarship. When those hoped-for opportunities fell through, Christopher returned home to New York and enrolled in ASA College in Brooklyn for the 2019-2020 academic year, where he continued to do well academically and continued to play basketball on the school's team. And then the pandemic hit, and both his school and his ability to play basketball were stopped short. And in that instant, Christopher lost access to his two main avenues for confidence and success.

Christopher, at the age of 19, returned full time to his home and his neighborhood. And here, with nothing to do and no prospects, he fell in with an old group of friends. And joined with them in the criminal conduct charged in this indictment. Since his arrest nearly two years ago, Christopher has, and I anticipate will at sentencing, express remorse for his conduct, conduct that he had been able to avoid throughout his lifetime. We urge the Court to consider several aspects to Christopher's involvement. First, as noted in the presentence report, Christopher did not organize the group to commit these crimes, nor did he recruit anyone to join the group, nor was he a leader of the group. Again, at the age of 19, with the world shut down and with no immediate prospects, he joined with a group of old friends from his neighborhood to try to get some money. Second, neither Christopher nor any of the other co-defendants actually stole the personal identifying information used to apply for benefits. Those were stolen by an unrelated and more organized group, and purchased by the defendants. This is not to minimize or excuse their conduct, but merely to note that Christopher and the others were the lowest rungs on this criminal ladder. Finally, as noted in the presentence report, none of the individuals whose information was purchased by Christopher and the others suffered any financial loss. Again, this is stated not to minimize the conduct, but only to note that those most vulnerable to and most likely to be affected by any financial loss did not actually suffer any loss.

As also noted in the presentence report and in the letters of support, Christopher has been on home confinement for nearly two years, in a place that never provided the support he wanted and needed growing up. This has had a very profound emotional effect on him, and he has often struggled to maintain a positive attitude. Despite this, Christopher has obtained employment and has been engaged in therapy, which he has found very useful, and which he intends to continue.

In determining an appropriate sentence, we urge the Court to consider Christopher's age (19 and 20), the fact that this is his first offense, and that this offense involved no violence. We also urge the Court to consider the difficult and challenging circumstances of Christopher's life, detailed in the presentence report and noted, in par. 94, as a possible mitigating factor at sentencing. In addition, we urge the Court to consider the life circumstances under which Christopher found himself when he foolishly joined in with the others in this criminal behavior. He excelled outside of his home, where he found positive role models and success both in school and in athletics. The pandemic hit everyone hard, but for a 19 year old whose primary positive experiences lied elsewhere, suddenly being relegated to his home without access to the two most positive features of his life were particularly shocking. That Christopher did not respond well at that time will follow him for the rest of his life. He will forever be a convicted felon, with all of the legal and practical disabilities that will entail.

Despite this, and as attested to in the letters of support filed with this letter, Christopher is and has remained a loved and respected young man. He continues to maintain the support and confidence of many of those he has encountered, including family, teachers and friends. He has not sought to rationalize or explain his conduct; instead, he has openly taken responsibility for his own decisions, and vowed to do better going forward.

We therefore submit that given Christopher Jean-Pierre's age and conduct in this offense, a non-jail and/or a below-guidelines sentence will be "sufficient, but not greater than necessary" to achieve the sentencing goals reflected in 18 U.S.C. §3553(a). We acknowledge that the crime for which he was convicted is serious, particularly as it impacted the integrity of government relief efforts in response to the pandemic. However, we again urge the Court to consider that this was Christopher's first offense, that it is a non-violent offense, and that a non-jail sentence will hardly lead Christopher to believe that he has somehow beaten the system. He has spent two years on emotionally-wrenching home confinement, and he will forever be saddled with a felony conviction, something that will affect his life in numerous ways going forward. We urge the Court to give these factors substantial weight.

Thank you very much for your consideration.

Very truly yours,

/s/
Murray Singer
Attorney for Defendant

cc:   AUSA Michael Gibaldi (by ECF)
      Probation Officer Gregory Giblin (by email)
      Christopher Jean-Pierre (by email)